[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #103 MOTION FOR JUDGMENT ON DEFAULT 
This matter concerns an action to collect an alleged debt owed to the Plaintiff, by the Defendant. The Plaintiff alleges in its Complaint that on or about August 20, 1999 the Plaintiff provided medical services to the defendant Santa Sanchez. The Plaintiff further asserts that as a result of the aforementioned transaction, the Defendant currently owes the Plaintiff six thousand six hundred two dollars and seventy cents ($6,602.70), plus costs and statutory interest.
By way of a pleading dated July 13, 2001, the Plaintiff sought to have the Defendant defaulted for its failure to file a responsive pleading to the Complaint. Said Motion was denied by the Court on July 19, 2001 for reason that the Motion was filed prematurely.
By way of a pleading dated August 2, 2001, the Plaintiff once again sought to have the defendant defaulted for his failure to file a responsive pleading. The Court granted this Motion on August 16, 2001 and the Clerk's Office sent notice on that same date.
By way of a pleading dated August 23, 2001 and filed on August 27, 2001, the Plaintiff moved for judgment on the default that was entered on August 16, 2001. CT Page 13292
Section 17-32 of the Practice Book concerns "where defendant is in default for failure to plead. This section provides that:
 (a) Where a defendant is in default for failure to plead pursuant to Section 10-8, the plaintiff may file a written motion for default which shall be acted on by the clerk upon filing, without placement on the short calendar.
 (b) If a party who has been defaulted under this section files an answer before a judgment after default has been rendered by the judicial authority, the clerk shall set aside the default. If a claim for a hearing in damages or a motion for judgment has been filed the default may be set aside only by the judicial authority. A claim for a hearing in damages or motion for judgment shall not be filed before the expiration of fifteen days from the date of notice of issuance of the default under this subsection. (emphasis added)
In the instant action, the Court granted the Motion for Default on August 16, 2001 and gave notice on said date. The Plaintiff filed the Motion For Judgment on Default on August 27, 2001. This is less than the fifteen days required by Section 17-32 (b) of the Practice Book, the Plaintiff's Motion for Judgment on Default is therefore denied for reason that it was filed prematurely.
So ordered.
Richard A. Robinson, J CT Page 13293